IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FIDEL PEREZ GONI,
    Plaintiff,

vs.                                        3:07cv395/RV/MD

JAMES MCDONOUGH, et al.
    Defendants.

## O R D E R

    Plaintiff has submitted his partial initial filing fee, and this cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that plaintiff has failed to comply with the instructions on the complaint form, and that his complaint fails to state a claim against at least some of the defendants. He will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint and/or by filing additional cases.

    Plaintiff was incarcerated at Santa Rosa Correctional Institution ("SRCI") at the time the events giving rise to this complaint took place, although he is currently incarcerated at Columbia Correctional Institution. Named as defendants in this action are DOC Secretary James McDonough; the CEO of Prison Health Services, Rich Hallworth; Dr. W.D. Rummel of SRCI; M.L. Carnahan, the mail room supervisor at SRCI; and L. Alexander, the canteen supervisor at SRCI. Plaintiff alleges that he has received constitutionally inadequate medical treatment, that the mail room supervisor Carnahan improperly rejected publications that were sent to the plaintiff and interfered with his legal mail, that his gain time has been improperly calculated, that his classification status is inaccurate, that he was charged by the canteen for purchases of jalapeno cheese spread that he never received.

Plaintiff seeks declaratory relief, an injunction mandating that he be returned to open population, compensatory and punitive damages.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones.  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined."  *Hellig v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny."  *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  *Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)).

A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999).  "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical

malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 , 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).  To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).  First, a plaintiff must set forth evidence of an objectively serious medical need.  *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.

      The Eleventh Circuit considers a serious medical need to be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004) (citing *Farrow,* 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)).  In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm."  *Farrow,* 320 F.3d at 1243 (quoting *Taylor*, 221 F.3d at 1258 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970)); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970,1977, 128 L.Ed.2d 811 (1994).  Circuit precedent recognizes a range of medical needs that are sufficiently serious to constitute "serious medical needs" for purposes of the Eighth Amendment and some medical needs that are not.[1]

---

[1] The *Farrow* court cited the following examples:  *Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), and *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (painful broken foot can be serious medical need), and *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (evidence showing that plaintiff's leg collapsed under

To satisfy the subjective element of deliberate indifference to a prisoner's serious medical need, plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); see also *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (noting, after *Farmer v. Brennan*, 114 S.Ct. 1970 (1994), that gross negligence fails to satisfy state-of-mind requirement for deliberate indifference)); *Farrow*, 320 F.3d at 1245-46 (citing *McElligott*, 182 F.3d at 1255; *Taylor*, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need"). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Murrell v. Bennett*, 615 F.2d 306, 310, n.4 (5th Cir. 1980).

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). Disputes regarding the level of treatment or the existence of other treatment

---

him, was deteriorating, caused pain when moved, and that he was virtually unable to walk, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was a serious medical need), with *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (inmate's "pseudofolliculitis barbae" or "shaving bumps," even if shaving required by prison officials when physician ordered otherwise, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment"), and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate's high blood pressure presented no "true danger" or "serious threat" to his health; he also had full range of motion in his shoulder despite continuing pain from a three-year old injury). See also *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (prisoner's HIV and hepatitis were serious medical needs);

options do not alone evidence cruel and unusual punishment. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Hamm v. DeKalb County* , 774 F.2d 1567, 1575 (11th Cir. 1985); *Turner v. Solorzano*, 2007 WL 1217882, *2 (11th Cir. 2007) (table, text in WESTLAW). A difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Nonetheless, the court can find that the medical treatment was so slight as to amount to no treatment at all, and therefore the mere fact that treatment was provided does not end the inquiry. *Waldrop*, 871 F.2d at 1035. Similarly, grossly incompetent medical care or choice of an easier but less efficacious course of treatment can constitute deliberate indifference. *McElligott*, 182 F.3d at 1255. For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Farrow,* 320 F.3d at 1246 (quoting *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir. 1997)).

Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow,* 320 F.3d at 1246 (quoting *McElligott*, 182 F.3d at 1255). "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Bozeman v. Orum*, 422 F.3d 1265, 1272 n. 11 (11th Cir. 2005) (quoting *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994)). A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Farrow*, 320 F.3d at 1246 (citing *Hill*, 40 F.3d at 1190 n. 26; *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986) (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985))). "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition and considering the reason for delay." *Hill,* 40 F.3d at 1189. "[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access

to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." *Bozeman v. Orum*, 422 F.3d 1265, 1272, n. 11 (11th Cir. 2005) (quoting *Lancaster v. Monroe County, Ala*., 116 F.3d 1419, 1425 (11th Cir. 1997); accord *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir.1994); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990); *Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988); *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985)). In formulating his Eighth Amendment claim, plaintiff should name as defendants any individuals whose actions or omissions allegedly gave rise to a constitutional violation, and explain the nature of the allegedly improper acts or omissions.

Plaintiff also suggests in his statement of claim that some of the treatment he received may have been retaliatory in nature. It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights. See *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997); *Wright v. Newsome*, 795 F.2d 964 968 (11th Cir. 1986); *Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986). Retaliation against an inmate for exercising a constitutional right may be a constitutional violation even if no separate and additional constitutional violation ensues. *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989) (the retaliatory penalty need not rise to the level of a separate constitutional violation to state a claim); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (an inmate may still present a First Amendment retaliation claim even though complaint alleges facts "that might not otherwise be offensive to the Constitution," such as a search or the confiscation and destruction of nonlegal materials); *Wilson v. Silcox*, 152 F.Supp.2d 1345, 1351 (N.D. Fla. 2001)(citing cases); *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) (retaliation based on a prisoner's exercise of his First Amendment rights violates the constitution). This is because "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising" his constitutional right to free speech, redress of grievances, or similar activity. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (quoting *Thomas,* 880 F.2d at 1242).

Case No: 3:07cv395/RV/MD

Although prisoners have a right to be free from retaliatory punishment for the exercise of a constitutional right, *Adams v. James*, 784 F.2d 1077, 1079-80 (11th Cir. 1986); *Bridges v. Russell*, 757 F.2d 1155 (11th Cir. 1985), broad, conclusory allegations of retaliation are insufficient to state a claim under section 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005); *Goldsmith v. Mayor and City Council of Baltimore*, 987 F.2d 1064, 1071 (4th Cir. 1993); *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987); *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987). In order to state a claim, the retaliation complaint must identify both the retaliatory conduct and the underlying act that prompted the retaliation. See *Harbin-Bey*, 420 F.3d at 579; *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). A prisoner-plaintiff in a retaliation case must first prove that the conduct which led to the alleged retaliation was constitutionally protected. *Harbin-Bey,*420 F.3d at 579; *Rauser v. Horn*, 241 F.3d 330, 333 (3rd Cir. 2001). He must then "sufficiently allege facts" establishing that the actions taken against him were in retaliation for, for instance, filing lawsuits and accessing the courts, and would not have happened but for the retaliatory motive. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986); *Harbin-Bey*, 420 F.3d at 579 (also requiring that the retaliatory act "would deter a person of ordinary firmness); *Jackson v. Fair*, 846 F.2d 811, 820 (1st Cir. 1988); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983). Adverse actions taken against inmate in retaliation for filing grievances states constitutional claim. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) However, plaintiff must come forward with more than "general attacks" upon the defendant's motivations and must produce "affirmative evidence" of retaliation. *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 750 (1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986)).

Plaintiff has named as defendants individuals who do not appear to have any direct connection to the constitutional violations complained of. He should be aware that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th

Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights. *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone, supra,* (quoting *Gonzalez v. Reno*, __ F.3d at __, 2003 WL 1481583, at *5 (quoting *Braddy v. Fla. Dept. of Labor & and Employment*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985). A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's " 'custom or policy ... result[s] in deliberate indifference to constitutional rights' " or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (quotations omitted); *Hartley v. Parnell*, 193 F.3d 1263 (11th Cir. 1999); see also *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1560-61 (11th Cir. 1993). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone, supra,* (internal quotation marks and citation omitted).

  In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law against any of the named defendants. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form that has been marked "Amended

Complaint."  **As instructed on the complaint form, plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.**  Any unrelated claims must be brought as part of a separate complaint.  Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.   It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998);  *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  If plaintiff cannot state exactly how a particular defendant harmed him, or that defendant's actions did not rise to the level of a constitutional violation, or that defendant's actions were unrelated to the core allegations of the complaint, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he need not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless

and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Amended Complaint" should be written on the form.

2. The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 7th day of November, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**