IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FIDEL PEREZ GONI,
        Plaintiff,

vs.                                  3:07cv395/RV/MD

JAMES MCDONOUGH, et al.
        Defendants.

---

## <u>REPORT AND RECOMMENDATION</u>

      This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. (Doc. 14). From a review of this complaint, it is evident that plaintiff has failed to comply with the court's most recent order directing him to amend, and that his complaint still fails to state a claim against at least some of the defendants. Plaintiff was previously informed that he would be afforded one more opportunity to clarify his allegations in a second amended complaint and/or by filing additional cases before the court considered dismissal of this action. Upon review the court finds that dismissal is warranted.

      Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007). (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S., at 45-46, 78 S.Ct. 99.)) Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at Santa Rosa Correctional Institution ("SRCI") at the time the events giving rise to this complaint took place, although he is currently incarcerated at Columbia Correctional Institution.  The defendants named in this action are the same as those named in the initial and first amended complaint: former DOC Secretary James McDonough; the CEO of Prison Health Services, Rich Hallworth; Dr. W.D. Rummel of SRCI; M.L. Carnahan, the mail room supervisor at SRCI; and L. Alexander, the canteen supervisor at SRCI.  Plaintiff alleges that he received constitutionally inadequate medical treatment, that the mail room supervisor Carnahan retaliated against him in improperly rejecting publications and other items that were sent to the plaintiff and interfered with his legal mail, and that L. Alexander retaliated against him by, among other things, charging him at the canteen for purchases of jalapeno cheese spread that plaintiff never received. Plaintiff seeks declaratory relief, compensatory and punitive damages, and an order directing that he be permitted to see certain medical specialists.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and

> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined."  *Hellig v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670,

97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)).

A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 , 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.

The Eleventh Circuit considers a serious medical need to be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004) (citing *Farrow,* 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious

harm." *Farrow,* 320 F.3d at 1243 (quoting *Taylor*, 221 F.3d at 1258 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970)); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970,1977, 128 L.Ed.2d 811 (1994).  Circuit precedent recognizes a range of medical needs that are sufficiently serious to constitute "serious medical needs" for purposes of the Eighth Amendment and some medical needs that are not.[1]

To satisfy the subjective element of deliberate indifference to a prisoner's serious medical need, plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); see also *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (noting, after *Farmer v. Brennan*, 114 S.Ct. 1970 (1994), that gross negligence fails to satisfy state-of-mind requirement for deliberate indifference)); *Farrow*, 320 F.3d at 1245-46 (citing *McElligott*, 182 F.3d at 1255; *Taylor*, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need"))). "Deliberate indifference" and "mere negligence" are not one and the same.  Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent

---

[1]The *Farrow* court cited the following examples:  *Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), and *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (painful broken foot can be serious medical need), and *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (evidence showing that plaintiff's leg collapsed under him, was deteriorating, caused pain when moved, and that he was virtually unable to walk, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was a serious medical need), with *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (inmate's "pseudofolliculitis barbae" or "shaving bumps," even if shaving required by prison officials when physician ordered otherwise, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment"), and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate's high blood pressure presented no "true danger" or "serious threat" to his health; he also had full range of motion in his shoulder despite continuing pain from a three-year old injury).  See also *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (prisoner's HIV and hepatitis were serious medical needs);

failure to provide adequate medical care.  *Murrell v. Bennett*, 615 F.2d 306, 310, n.4 (5th Cir. 1980).

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994).   However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)); *Hilton v. McHugh*, 178 Fed.Appx. 866 (11th Cir. 2006).  Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment.  *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Hamm v. DeKalb County* , 774 F.2d 1567, 1575 (11th Cir. 1985); *Turner v. Solorzano*, 2007 WL 1217882, *2 (11th Cir. 2007) (table, text in WESTLAW).  A difference of opinion over matters of medical judgment does not give rise to a constitutional claim.  *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).   Nonetheless, the court can find that the medical treatment was so slight as to amount to no treatment at all, and therefore the mere fact that treatment was provided does not end the inquiry.  *Waldrop*, 871 F.2d at 1035. Similarly, grossly incompetent or inadequate medical care or choice of an easier but less efficacious course of treatment can constitute deliberate indifference. *McElligott*, 182 F.3d at 1255.  For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Farrow,* 320 F.3d at 1246 (quoting *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir. 1997)).

Plaintiff alleges that he suffers from an unknown infection on his esophagus and stomach that has spread throughout his body, as well as pain from his seizure disorder and a shoulder injury.   He contends that his seizure medication has been improperly discontinued and has been refused to him at several institutions where he has been incarcerated. He also contends that he has repeatedly signed up for sick call but has not

received appropriate care.  The individual or individuals responsible for each of the alleged constitutional violations are not clear from the complaint, but it does not appear that Rich Hallworth was directly involved in any of plaintiff's medical care.  Dr. Rummel is alleged to have discontinued medication that was previously prescribed, which medication was also disallowed by practitioners at other DOC facilities.  He is also alleged to have signed a prescription for a new seizure medication, and after taking this medication plaintiff ended up in the hospital for an overdose.[2]  Finally, he refused plaintiff's requests to see a specialist after consulting with the plaintiff.    Plaintiff's allegations describe what may be "negligent," rather than deliberately indifferent, medical treatment, or a difference in medical opinion, neither of which, under the law cited above, state a § 1983 claim.  Plaintiff was previously advised that in formulating his Eighth Amendment claim, he should name as defendants any individuals whose actions or omissions allegedly gave rise to a constitutional violation, and explain the nature of the allegedly improper acts or omissions and each defendant's role in the purported constitutional violation.  He has failed to name the individuals responsible for the remaining alleged shortcomings in his medical treatment.

Plaintiff also asserts, as he did in his initial and first amended complaint, that some of the treatment he received, whether medically or otherwise, was motivated by retaliatory animus.  Legal standards applicable for stating a retaliation claim were set forth in the court's prior order.  Plaintiff's allegations, as presented, are utterly conclusory and do not state a claim for retaliation.  *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005); *Goldsmith v. Mayor and City Council of Baltimore*, 987 F.2d 1064, 1071 (4th Cir. 1993); *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987); *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987).  In order to state a claim, the retaliation complaint must identify both the retaliatory conduct and the underlying act that prompted the retaliation.  See *Harbin-Bey*, 420 F.3d at 579; *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Plaintiff was informed that he needed to come forward with more than "general attacks" upon the defendant's motivations and produce "affirmative evidence" of retaliation.  *Crawford-El v. Britton*, 523

---

[2]It is not clear whether plaintiff contends that this medication was improperly prescribed or improperly dispensed, or whether plaintiff had some sort of allergic reaction.

U.S. 574, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 750 (1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986)).  Plaintiff has repeatedly failed to do this in this case.  There is no suggestion that any of the named defendants were aware of plaintiff's purported history for writing grievances at other institutions, and hence no factual basis for a retaliation claim.[3]

With respect to plaintiff's claims against defendants James McDonough and Richard Hallworth, neither of whom had any direct connection to the alleged constitutional violations of which he complains, he was previously advised that *respondeat superior*, without more, does not provide a basis for recovery under section 1983.  *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995).  "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  *Cottone v. Jenne, 326* F.3d 1352, 1360 (11th Cir. 2003); *see also Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995);  *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir. 1991).  Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights.  *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).   The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone, supra,* (quoting *Gonzalez v. Reno*, 325 F.3d at 1228, 1234 (11th Cir. 2003) (quoting *Braddy v. Fla. Dept. of Labor & and Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990);  *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985).  A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting

---

[3]Plaintiff's allegation that L. Alexander violated his constitutional rights by allegedly failing and refusing to refund him $6.00 for jalapeno cheese spread that he purchased but did not receive is frivolous.

in contravention to policy.  *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support an inference that the supervisor "directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007) (citation omitted); *Cottone*, 326 F.3d at 1360.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone,* 326 F.3d at 1360-1361 (quoting *Gonzalez*, 325 F.3d at 1234). Plaintiff has not stated an actionable claim against these two defendants.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 15th day of May, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).